## DOYLE v. RUTLEDGE.

Contract: KEEPING STOCK ON SHARES. Where plaintiff took a lot of sheep to keep on certain shares, with privilege to underlet, and he accordingly underlet for a larger share, to a third party, who was to deliver the same to the owner, it is *held*, that such third party could not avoid responsibility for failure to deliver the share agreed to, by setting up a new contract with the owner and a release by him thereunder from delivering a larger share than the plaintiff was bound to deliver, unless plaintiff knew of this new contract and acquiesced therein.

*Appeal from Davis District Court.*

MONDAY, JULY 8.

CONTRACT: KEEPING SHEEP ON SHARES: CONSTRUCTION OF, ETC.— Action by plaintiff (originally commenced in December, 1865, before a justice of the peace), upon a contract in these words:

"BLOOMFIELD, Oct. 3d, 1863.

"This is to certify that D. Doyle delivered, on the 3d day of October, 1863, fifty head of sheep to T. B. Rutledge to keep on shares. Terms—two-thirds of the wool, and one-half of the increase to be delivered to M. Babcock; wool to be washed on the sheep and delivered in Bloomfield.

(Signed)          "T. B. RUTLEDGE."

Breaches: failure to return original sheep; also, failure to return or deliver one-half of the increase, and two-thirds of the wool. Answer denying any indebtedness, and setting up that Doyle was the agent, with respect to said sheep, of one Babcock. Averments: that defendant did return to plaintiff all the original sheep that he was liable by law or contract to return; that Doyle was the agent of Babcock, who acted through him, and that he has complied with the contract with Babcock in all

respects. On the trial before the justice, plaintiff recovered $19.50, and defendant appealed.

On the trial in the District Court, before a jury, plaintiff obtained a verdict for $51.38.

Judgment was rendered thereon for plaintiff, and the defendant appeals.

*H. H. Trimble* for the appellant.

*Jones & Traverse* for the appellee.

DILLON, J.—The evidence is not all certified; but it is certified that there was evidence tending to prove certain

1. CONTRACT: keeping stock on shares.

facts, and among others the following: That the sheep in question were the property of one M. Babcock; that they were held by Doyle (the plaintiff) by virtue of a contract with Babcock, by which Doyle had a right to keep the said sheep until 1865, and by which Doyle was to have one-half of the wool and one-half of the increase. There was also evidence tending to prove that Doyle was authorized by Babcock to underlet said sheep; he, Doyle, assuming the entire responsibility for the acts of any person to whom he might underlet them; also tending to prove that defendant failed to deliver thirteen of the sheep, either to Doyle or Babcock; and there was no evidence tending to show that either Doyle or Babcock had released defendant from his obligation to deliver these thirteen sheep.

There was evidence tending to show that Babcock had required Doyle to pay him for the thirteen sheep. Also evidence tending to show that Doyle, in making the contract with the defendant, required him to pay two-thirds of the wool on account of the extra quality of said sheep, and that the contract in suit was made for the special benefit of Doyle. Defendant offered evidence tending to show that he took the sheep in 1863, at date of contract; that he

kept them until after the clip of 1864, say June, 1864; that he then went to Bloomfield with the wool, and found Babcock there and delivered to him one-half of the clip for 1864. Defendant then offered to prove that, when he delivered this one-half, it was upon *a new agreement,* whereby Babcock agreed that if defendant would keep the sheep, or so many as he might desire, another year, he (Babcock) would release defendant from any further obligation to deliver wool on the contract sued on.

This evidence and other evidence of the same character, the court refused to receive, and the defendant excepted, and now assigns the rejection of this evidence as error. This presents the question whether Babcock had any control over the contract in suit, or over the wool or sheep ; and, if so, to what extent. It was not denied by the plaintiff that one-half of the wool clip of 1864 was the property of Babcock. For this, plaintiff seeks no recovery. But he does claim that the difference between one-half and two-thirds was his, and that Babcock had no power or authority to release defendant from the obligation to deliver it.

Undoubtedly Mr. Babcock would have no power to deprive the plaintiff of the difference between one-half and two-thirds of the wool. This belonged to the plaintiff. If Babcock should receive the two-thirds, the difference between that and the one-half would be the property of the plaintiff, and for it Mr. Babcock would have to account. As between plaintiff and defendant, the wool mentioned in the contract is to be delivered for the benefit of the plaintiff. That is to say, the plaintiff, instead of directing the wool to be delivered to himself, ordered it to be delivered to Babcock.

If Babcock had given the plaintiff the right to keep the sheep for another year, and to underlet them, he could not, before that time, in virtue of his general property or

reversionary interest in them, have made any disposition of them against the plaintiff's consent. He could do what he pleased with his share of the wool, but not with the plaintiff's share.

. We do not in the above, intend to express any opinion upon the facts; we have not the evidence before us. In the shape in which this cause now stands, not having all the evidence, we cannot tell, certainly, whether the proposed evidence should have been received or not. We can only say that the error in rejecting it is not clearly shown by the record. The evidence tended to show that plaintiff had a right, as against Babcock, to keep the sheep until 1865.

If this were so, it follows that Babcock could not, in 1864, without plaintiff's consent, make with the defendant a new contract, altering the relation of the defendant to the plaintiff, or discharging the defendant from his duties and obligations, under the contract in suit, to the plaintiff. But, if Babcock, as the owner of the sheep, did, in 1864, make with the defendant a contract whereby he released defendant from the obligation to deliver the sheep to plaintiff, and contracted with him to keep them another year for him (Babcock), and if the plaintiff knew of and acquiesced in such contract, then he cannot recover in the present action for the subsequent failure of defendant to deliver the sheep to him. In the refusal thus to instruct the jury (as it is certified that there was evidence tending to show such a state of facts) the court erred. But without such acquiescence, Babcock could not, as above suggested, interfere with or change the obligations of the defendant to the plaintiff. And acquiescence, as here used, means assent, express or implied. If Babcock undertook, without authority, to change the contract between plaintiff and defendant, or, if he undertook to make with defendant a new contract, which would have

this effect, and plaintiff was not present, the burden of proof would be on the defendant to show that the plaintiff was subsequently made acquainted with the new arrangement and assented to it. Plaintiff would not be bound to seek the defendant and make objection, or be held to be concluded, certainly not unless Babcock undertook to make this new contract as the agent of the plaintiff, and the plaintiff was advised of this fact. Appellee's point on the pleadings seems to have been made for the first time in this court.

For the above error in the instruction, the judgment is reversed, and cause remanded for a trial *de novo*.

Reversed.